IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ESZTER PRYOR, LOGAN KLINE, MARISSA JOHNSON, and JANE DOES 4-50, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>USA DIVING, INC., THE OHIO STATE UNIVERSITY DIVING CLUB, and WILL BOHONYI,<br><br>*Defendants*. | Case No. 1:18-cv-2113-WTL-MJD |

**THE OHIO STATE UNIVERSITY DIVING CLUB'S
MOTION TO DISMISS CLAIMS STATED AGAINST IT IN
PLAINTIFFS' FIRST AMENDED COMPLAINT**

The Ohio State University Diving Club ("Ohio State Diving Club") respectfully moves the Court to dismiss the claims asserted against it in the First Amended Complaint on the grounds that the Ohio State Diving Club is entitled to sovereign immunity and Plaintiffs' claims fail for the independent grounds of lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue, pursuant to FED. R. CIV. P. 12(b)(1), (2), (3), and (6). In support, the Ohio State Diving Club states as follows:

1. The Ohio State Diving Club is a program within the Department of Recreational Sports in the Office of Student Life at The Ohio State University ("Ohio State"), and as such, is a part of Ohio State. Ohio State is an instrumentality of the State of Ohio and is entitled to sovereign immunity under the Eleventh Amendment.

2. The Eleventh Amendment provides that a state may not be sued without its consent, and accordingly, bars Plaintiffs' claims before this Court. Neither the State of Ohio, Ohio State, nor the Ohio State Diving Club has consented to be sued in federal court.

3. Supplemental jurisdiction is unavailable for Plaintiffs' claims against the Ohio State Diving Club because supplemental jurisdiction does not defeat the Eleventh Amendment and does not extend to claims against nonconsenting state defendants in federal court.

4. Plaintiffs also fail to allege any acts by the Ohio State Diving Club which occurred in Indiana, nor any other basis for personal jurisdiction over the Ohio State Diving Club in Indiana.

5. Plaintiffs' claims against the Ohio State Diving Club arise from Defendant Will Bohonyi's employment at Ohio State in Columbus, Ohio, and none of the conduct underlying these claims occurred in Indiana; accordingly, venue also is not proper in Indiana.

6. The grounds for this Motion are set forth more fully in the accompanying Memorandum in Support, which is incorporated by reference herein.

## CONCLUSION

Accordingly, The Ohio State University Diving Club requests that the Court dismiss the claims asserted against it in this action.

Dated: August 14, 2018

Respectfully submitted,

MICHAEL DeWINE

ATTORNEY GENERAL OF OHIO

/s/ Brian S. Jones
BRIAN S. JONES
**BOSE MCKINNEY & EVANS LLP**
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 (fax)
b.jones@boselaw.com

and

Michael H. Carpenter
(*Pro Hac Vice Admission to Be Requested*)
Timothy R. Bricker
(*Pro Hac Vice Admission to Be Requested*)
Caitlin E. Vetter
(*Pro Hac Vice Admission to Be Requested*)
**CARPENTER LIPPS AND LELAND LLP**
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
carpenter@carpenterlipps.com
bricker@carpenterlipps.com
vetter@carpenterlipps.com

**SPECIAL COUNSEL FOR DEFENDANT THE OHIO STATE UNIVERSITY DIVING CLUB**

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the Parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy was also sent by first-class U.S. Mail to:

William Bohonyi<br>
2194 Country Corners Dr.<br>
Columbus, Ohio 43220

/s/ Brian S. Jones
BRIAN S. JONES

3483140