IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ESZTER PRYOR, LOGAN KLINE, MARISSA JOHNSON, and JANE DOES 4-50, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>USA DIVING, INC., THE OHIO STATE UNIVERSITY DIVING CLUB, and WILL BOHONYI,<br><br>*Defendants*. | Case No. 1:18-cv-2113-WTL-MJD |

**THE OHIO STATE UNIVERSITY DIVING CLUB'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS CLAIMS STATED AGAINST IT IN PLAINTIFFS' FIRST AMENDED COMPLAINT**

The Ohio State University Diving Club (the "Ohio State Diving Club"), Defendant, respectfully submits its Memorandum in Support of Its Motion to Dismiss the Claims Stated Against It in Plaintiffs' First Amended Complaint (ECF No. 20), and states:

**PRELIMINARY STATEMENT**

The Ohio State University ("Ohio State") is a land grant institution of higher learning founded in 1870. It is an instrumentality of the state of Ohio. Ohio State's Office of Student Life administers the Department of Recreational Sports ("Recreational Sports"). Recreational Sports offers members of the university and public the opportunity to engage in physical and wellness activities at campus athletic facilities. Among those activities is the Ohio State Diving Club, which consists of members of all ages, including

high school aged divers. It provides activities ranging from recreational diving lessons to the opportunity to participate on competitive teams.

Plaintiff Eszter Pryor was a member of the Diving Club in 2014. Defendant William Bohonyi was an assistant coach with the Diving Club. John Appleman was the head coach. On August 10, 2014, Mr. Appleman was made aware of allegations that Mr. Bohonyi was engaging in a sexual relationship with Ms. Pryor. The University took swift and proper action upon being made aware of Mr. Bohonyi's sexual relationship with Ms. Pryor. Mr. Appleman immediately reported the allegations, and Ohio State's Office of Human Resources commenced an investigation. Mr. Bohonyi was also immediately placed on administrative leave and denied access to campus while the investigation was conducted. Following the investigation, it was determined that Mr. Bohonyi violated Ohio State's firm policy against sexual harassment and improper relationships, and he was terminated on August 29, 2014, effective August 31, 2014, having never returned to his coaching position.

In addition to the above described employment actions and in accordance with expected practice, in August, 2014, the Office of Student Life Human Resources at Ohio State reported the allegations about, and its investigation into, Mr. Bohonyi's conduct to Franklin County Children Services, The Ohio State University Police Division, and USA Diving. Subsequently, on September 2, 2014, the police investigation was suspended at the request of Ms. Pryor and her parents. Their request was confirmed in writing. Ms. Pryor requested that the investigation be reopened in 2018, and it was. The Ohio State Police Division is currently working with Ohio's Franklin County Prosecutor's Office in connection with the investigation.

Despite the University's swift and proper actions upon being made aware of Mr. Bohonyi's sexual relationship with Ms. Pryor, Plaintiffs have named Ohio State, *i.e.,* the Ohio State Diving Club, as a defendant in this matter.  Because of Ohio State's swift and appropriate response, and lack of tolerance for sexual harassment and prohibited relationships, any claim, should it ever advance, would be shown as meritless.  But the claims against the Ohio State Diving Club have a predicate flaw requiring their immediate dismissal.  The Ohio State Diving Club is an instrumentality of the state of Ohio that is entitled to the same immunities to which Ohio is entitled as a sovereign state.  Pursuant to the Eleventh Amendment of the Constitution of the United States, states are immune from suit in federal courts.  For this reason, Plaintiffs' claims against the Ohio State Diving Club should be dismissed.

Ms. Pryor, who resides in Ohio, also fails to provide any basis on which the Court may exercise personal jurisdiction over the Ohio State Diving Club, which is located on Ohio State's campus in Columbus, Ohio. Plaintiffs' claims against the Diving Club should be dismissed on this independent basis as well.

Finally, because all of the acts alleged by the Ohio State Diving Club took place in the state of Ohio, Plaintiffs cannot establish that the Southern District of Indiana is a proper venue for their claims and they should be dismissed for this additional independent basis.

**FACTUAL BACKGROUND**

In their First Amended Complaint, Plaintiffs allege that the Ohio State Diving Club is a program within "the Department of Recreational Sports in the Office of Student Life at The Ohio State University[.]" (FAC [ECF No. 18] at ¶ 38.) As such, the Ohio State Diving Club is a part of Ohio State. (*Id*. at ¶¶ 37-38, ¶ 276.) Ohio State, in turn, is an

instrumentality of the state of Ohio, created by the Ohio legislature as a state university, and located in Columbus, Ohio. *See* OHIO REV. CODE § 3345.011 (recognizing Ohio State as a "state university"); OHIO REV. CODE § 3335.01, *et seq.* (creating and governing Ohio State); (FAC [ECF No. 18] at ¶¶ 37-38, 276).[1]

Ms. Pryor alleges she was a member of the Ohio State Diving Club and participated in diving practice on Ohio State's main campus in Columbus, Ohio. (FAC [ECF No. 18] at ¶¶ 265, 275-276.) She also alleges that Mr. Bohonyi was employed as a diving assistant coach for the Ohio State Diving Club and acted in Ohio at all material times. (*Id.* at ¶¶ 39, 282, 512-513, 522.) Ms. Pryor additionally alleges Mr. Bohonyi engaged in sexual relations with her on Ohio State's campus, in his car, and in his apartment, ***all in Columbus, Ohio***. (*Id.* at ¶¶ 191-192, 288, 331, 345-346.)

Ms. Pryor does not allege that she engaged in a sexual relationship with Mr. Bohonyi in Indiana, nor does she allege she ever trained or competed in Indiana. She also does not allege any acts or failures to act on the part of the Ohio State Diving Club in Indiana. Additionally, neither Ms. Johnson nor Ms. Kline allege any facts in the First Amended Complaint involving the Ohio State Diving Club. In fact, Plaintiffs' jurisdictional and venue allegations are silent as to the Ohio State Diving Club. (*Id.* at ¶¶ 41-42.)

Plaintiffs assert only two causes of action against the Ohio State Diving Club, negligent supervision and negligent retention. (*Id.* at ¶¶ 508-527.)

## ARGUMENT & AUTHORITIES

### I. STANDARD OF REVIEW

To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must

---

[1] A United States District Court may take judicial notice of public statutes. *See Demos v. City of Indianapolis, et al.*, 302 F.3d 698, 705 (7th Cir. 2002).

4

proffer "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.; see also Wakley v. Sustainable Local Foods, LLC*, No. 1:16-CV-884-WTL-DKL, 2018 WL 419983, at *2 (S.D. Ind. Jan. 16, 2018). In other words, plaintiffs must "nudge their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept as true "all factual allegations, but not legal conclusions or unwarranted factual inferences." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' *McIntosh v. Marberry*, No. 2:08-CV-414WTLTAB, 2009 WL 4743611, at *1 (S.D. Ind. Dec. 7, 2009) (quoting *Ashcroft*, 556 U.S. at 678).

Similarly, on a 12(b)(1) motion, the plaintiffs bear the burden of persuading the court that subject matter jurisdiction exists in order to survive the motion. *Kontos v. United States Dept. of Labor,* 826 F.2d 573, 576 (7th Cir.1987). When considering a facial attack on subject matter jurisdiction, a court takes allegations in the complaint as true. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). When a party moves for dismissal under Rule 12(b)(1) and challenges the factual basis for jurisdiction, the nonmoving party must support its allegations with competent proof of jurisdictional facts. *Thomson v. Gaskill,* 315 U.S. 442, 446 (1942); *Kontos,* 826 F.2d at 576. Affidavits and other relevant evidence may be used to resolve the factual dispute regarding the court's jurisdiction. *Kontos,* 826 F.2d at 576.

Rule 12(b)(2) permits the dismissal of a claim for lack of jurisdiction over the

person. Fed.R.Civ.P. 12(b)(2). On a motion for lack of personal jurisdiction, "the Court examines the sufficiency of the Complaint[.]" *Seward v. Alexander Properties Grp., Inc.*, No. 1:05CV601SEBJPG, 2005 WL 3150167, at *2 (S.D. Ind. Nov. 21, 2005). In addition to the well-pleaded factual allegations in the complaint, "the Court may consider affidavits and all other documentary evidence, which have been filed, but all conflicts must be construed in favor of the plaintiff." *Id.*

Rule 12(b)(3) provides for the dismissal of an action for improper venue. FED. R. CIV. P. 12(b)(3). On a motion under Rule 12(b)(3), the court is "not obligated to limit its consideration to the pleadings nor to convert the motion to one for summary judgment." *Cont'l Cas. Co. v. Am. Nat. Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005); *Wounded Warrior Project, Inc. v. Help Indiana Vets, Inc.*, No. 1:13-CV-01857-RLY, 2014 WL 958475, at *2 (S.D. Ind. Mar. 12, 2014) ("The court must take all allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and may consider matters outside the complaint without converting the motion to one for summary judgment.").

Application of these rules requires that plaintiffs' claims stated against the Ohio State Diving Club in their First Amended Complaint should be dismissed.

II. **THE ELEVENTH AMENDMENT BARS PLAINTIFFS' CLAIMS AGAINST OHIO STATE.**

Plaintiffs purport to state two negligence claims against the Ohio State Diving Club. (FAC [ECF No. 18] at ¶¶ 508-527.) They allege, however, that the Ohio State Diving Club is a part of Ohio State. (*Id.* at ¶¶ 37-38, 276.) Ohio State is a state institution created by the Ohio legislature. *See* OHIO REV. CODE § 3345.011 (recognizing Ohio State as a "state university"); OHIO REV. CODE § 3335.01, *et seq.* (creating and governing Ohio State). For example, the Ohio legislature has granted the Ohio governor authority to

6

appoint members of Ohio State's Board of Trustees. *See* OHIO REV. CODE § 3335.02. Additionally, the State of Ohio holds title for all lands used by Ohio State. *See* OHIO REVISED CODE § 3335.13. As such, Ohio State is an instrumentality of the state of Ohio entitled to the same immunities that Ohio enjoys as a sovereign state. *See Blakey v. Univ. of Toledo*, No. IP103CV1438SEBVSS, 2004 WL 253251, at *1 (S.D. Ind. Jan. 12, 2004) (recognizing a state university of Ohio "is a state institution created by the Ohio Legislature and, as such, shares the immunities enjoyed by the sovereign state of Ohio"); *Deschenes v. Ohio State Univ. Long Term Disability Plan*, No. 2:07-CV-1151, 2008 WL 926624, at *2 (S.D. Ohio Apr. 4, 2008) ("[I]t is undisputed that The Ohio State University is an instrumentality of the State of Ohio."); *Middleton v. Ohio State Univ.*, No. 2:15-CV-2997, 2016 WL 224029, at *2 (S.D. Ohio Jan. 19, 2016) ("The Ohio State University is an instrumentality of the state of Ohio").

With regard to immunities, the Eleventh Amendment provides, and the Supreme Court long has held, "[t]hat a state may not be sued without its consent[.]" *In re State of New York*, 256 U.S. 490, 497 (1921); U.S. CONST. amend. XI. "[T]he entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a state without consent given; not one brought by citizens of another state, or by citizens or subjects of a foreign state, because of the Eleventh Amendment; and not even one brought by its own citizens[.]" *Id.*; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984) ("[A] federal court could not entertain a suit brought by a citizen against his own State"). In effect, the Eleventh Amendment "divest[s] federal courts of subject matter jurisdiction over suits brought by private parties against a state[.]" *Marie O. v. Edgar*, 131 F.3d 610, 615 (7th Cir. 1997); *see also Moore v. State of Indiana*, 999 F.2d 1125, 1128-29 (7th Cir. 1993)

(recognizing the Eleventh Amendment deprives federal courts of subject matter jurisdiction).

Neither the State of Ohio, Ohio State, nor the Ohio State Diving Club have consented, and do not here consent, to be sued in federal court in this matter. To the contrary, the State of Ohio has engaged in a limited waiver of sovereign immunity only insofar as it has consented to be sued in the Ohio Court of Claims located in Columbus, Ohio. *See* OHIO REV. CODE § 2743.02(A)(1). "[A] state's waiver of sovereign immunity in its own courts is **not** a waiver of the Eleventh Amendment immunity in the federal courts." *Pennhurst State Sch. & Hosp.*, 465 U.S. at 100 n.9. As the Supreme Court has stated, "[a] State's constitutional interest in immunity encompasses not merely ***whether*** it may be sued, but ***where*** it may be sued." *Id.* at 99 (emphasis in original).

The Southern District of Indiana previously dismissed an action against another of Ohio's state universities, the University of Toledo, on the grounds of sovereign immunity. *See Blakey v. Univ. of Toledo*, No. IP103CV1438SEBVSS, 2004 WL 253251, at *1 (S.D. Ind. Jan. 12, 2004) ("dismiss[ing] the plaintiff's action as inappropriate for an Indiana court"). Consistent with this, courts within the Seventh Circuit have repeatedly recognized that state universities are immune from suit in federal court pursuant to the Eleventh Amendment. *See, e.g., Mutter v. Madigan*, 17 F. Supp.3d 752, 757–58 (N.D. Ill. 2014), aff'd as modified sub nom.; *Mutter v. Rodriguez*, 700 F. App'x 528 (7th Cir. 2017) (dismissing claims against the University of Illinois at Chicago on the basis of sovereign immunity); *Cannon v. Univ. of Health Sciences/Chi. Med. Sch.*, 710 F.2d 351, 356 (7th Cir. 1983).

Plaintiffs' assertion of "supplemental jurisdiction" cannot overcome the strict Eleventh Amendment bar. In their First Amended Complaint, Plaintiffs allege this Court

8

has "supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims alleged." (FAC [ECF No. 18] at ¶ 41.) The Supreme Court holds, however, that supplemental jurisdiction under Section 1367 "does not extend to claims against nonconsenting state defendants." *Raygor v. Regents of Univ. of Minnesota*, 534 U.S. 533, 541-42 (2002). As *Raygor* recognized, the Supreme Court has long held that "the Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court." *Id.* at 540-541 (citing *Pennhurst State Sch. and Hosp.*, 465 U.S. at 118).

Thus, pursuant to the Eleventh Amendment, and Rules 12(b)(1) and/or 12(b)(6), this court lacks subject matter jurisdiction to adjudicate Plaintiffs' claims against Ohio State set out in their First Amended Complaint and those claims should be dismissed.

### III. PLAINTIFFS FAIL TO ALLEGE ANY BASIS FOR PERSONAL JURISDICTION OVER THE OHIO STATE DIVING CLUB, AND NONE EXISTS.

As the allegations in the First Amended Complaint make clear, the Ohio State Diving Club is a part of Ohio State and located in Columbus, Ohio—not Indiana. (FAC [ECF No. 18] at ¶¶ 37-38.) The Ohio State Diving Club conducts its practices on Ohio State's campus in Columbus, Ohio. (*Id.* at ¶¶ 37-38, 276.) As an assistant coach for the Ohio State Diving Club, Mr. Bohonyi was employed in Columbus, Ohio, and attended practices on Ohio State's campus, in Columbus, Ohio. (*Id.* at ¶¶ 276, 191-192.) Although Plaintiffs bear the burden of establishing personal jurisdiction over the Ohio State Diving Club, *see RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997), they fail to identify a single act of the Ohio State Diving Club which occurred in Indiana, let alone any act which forms the basis of the First Amended Complaint.

The Due Process Clause "limits when a state may assert *in personam* jurisdiction

9

over nonresident individuals and corporations." *RAR, Inc.*, 107 F.3d at 1277. To be subject to personal jurisdiction, a "defendant must have 'certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)) (internal citations omitted). Personal jurisdiction may be general or specific. In this case, neither standard is met.

General jurisdiction "is permitted only where the defendant 'has continuous and systematic general business contacts' with the forum." *RAR, Inc.*, 107 F.3d at 1277 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416 (1984)). These "contacts must be so extensive as to amount to a constructive presence in the state." *U.S. Sch. of Golf, Inc. v. Biltmore Golf, Inc.*, No. 1:05 CV 0313 DFH TAB, 2005 WL 3022005, at *3 (S.D. Ind. Nov. 10, 2005). The Supreme Court recently confirmed that in order for personal jurisdiction to exist in regard to an entity, the forum should be one "in which the [entity] is fairly regarded as at home." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S.Ct. 1773, 1780 (2017).

Consistent with its name, the Ohio State Diving Club—*i.e.,* Ohio State, maintains its presence in the State of Ohio, and specifically, on Ohio State's campus in Columbus, Ohio. (FAC [ECF No. 18] at ¶¶ 37-38, 276; *see also* Ohio State Diving Club Website, available at https://www.teamunify.com/SubTabGeneric.jsp?team=ohosdc&_stabid_=113916 (identifying McCorkle Aquatic Pavilion at The Ohio State University as "the home" to the Ohio State Diving Club.) There is no basis—either in the First Amended Complaint or in fact—to find the Ohio State Diving Club has "continuous and systematic general business contacts" in the State of Indiana or is "at home" in Indiana.

10

The same goes for specific jurisdiction. For specific jurisdiction to exist, the Ohio State Diving Club must have "established minimum contacts within the forum State" and the lawsuit must "'arise out of' or 'be related to' these minimum contacts with the forum state." *RAR, Inc.*, 107 F.3d 1272, 1277. The Supreme Court recently held that absent an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum state," personal jurisdiction is lacking. *Bristol-Myers Squibb Co.*, 137 S.Ct. at 1780. Without such connection to the underlying controversy, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 1781.

In this case, the only claims asserted against the Ohio State Diving Club arise from and relate to Mr. Bohonyi's employment with Ohio State as an assistant coach for the Ohio State Diving Club. (FAC [ECF No. 18] at ¶¶ 508-527 (alleging claims for negligent supervision and negligent retention).) In particular, Plaintiffs allege the Ohio State Diving Club inadequately monitored Mr. Bohonyi's actions as a coach, inadequately investigated Ms. Pryor's claims of misconduct, and improperly retained Mr. Bohonyi as an employee. (*Id.* at ¶¶ 513, 521-522.) Ms. Pryor also alleges that as an assistant coach of the Ohio State Diving Club, Mr. Bohonyi's place of employment was "on the campus of The Ohio State University in Columbus, Ohio." (*Id.* at ¶¶ 276, 282, 37-38.) Ms. Pryor's own allegations undermine any contention that the Ohio State Diving Club maintains sufficient contacts with Indiana to confer personal jurisdiction over it in this case.

Accordingly, the claims against the Ohio State Diving Club in the First Amended Complaint should be dismissed on this additional ground because the Court lacks personal jurisdiction.

**IV.     VENUE IS IMPROPER BECAUSE PLAINTIFFS' CLAIMS AGAINST THE OHIO STATE DIVING CLUB ARISE SOLELY FROM MR. BOHONYI'S CONDUCT AND EMPLOYMENT IN COLUMBUS, OHIO.**

Venue is not proper in the Southern District of Indiana pursuant to 28 U.S.C. § 1391. Section 1391(b) provides that a civil action may properly be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, Plaintiffs attempt to proceed under Sections 1391(b)(1) and (b)(2). (FAC [ECF No. 18] at ¶ 42 (alleging venue "is appropriate in this district because USA Diving has its corporate headquarters in this district and a substantial number of the relevant events occurred here").) Plaintiffs' intent is mistaken as they "must show that venue is proper as to all defendants and all claims." *Starr Indem. & Liab. Co. v. Luckey Logistics, Inc.*, No. 116CV01377JBMJEH, 2017 WL 2466505, at *2 (C.D. Ill. June 7, 2017); *see also Textor v. Bd. of Regents of N. Illinois Univ.*, 87 F.R.D. 751, 755 (N.D. Ill. 1980) ("When a plaintiff sues multiple defendants as here, venue must be proper with respect to each defendant."). The allegations elsewhere in the First Amended Complaint demonstrate conclusively that venue is not proper pursuant to either Sections 1391(b)(1) or (b)(2) in this case.

Venue in the Southern District of Indiana is improper under Section 1391(b)(1) because the Ohio State Diving Club, which is an instrumentality of the State of Ohio, is not a resident of Indiana. *See* 28 U.S.C. § 1391(b)(1) (requiring that "all defendants are

residents of the State in which the district is located"). Of note, Mr. Bohonyi also is a resident of Ohio and defendant USA Diving Inc. is an Ohio corporation. (FAC [ECF No. 18] at ¶¶ 33, 37-39). Even Ms. Pryor is a resident of the State of Ohio.[2] (*Id.* at ¶ 28). Venue is not proper in Indianapolis under Section 1391(b)(1) as a matter of law because the Ohio State Diving Club is not a resident of Indiana. (*Id.* at ¶¶ 37-38).

Venue also is not proper in the Southern District of Indiana pursuant to Section 1391(b)(2) because a "substantial part of the events or omissions giving rise to the claim" did not "occur[]" there. 28 U.S.C. § 1391(b)(2). A proper venue inquiry looks "to the location of the events giving rise to the cause of action." *U.S. Sch. of Golf, Inc.*, 2005 WL 3022005, at *8. Here, the acts underlying the only claims against the Ohio State Diving Club took place in Ohio. In particular, Ms. Pryor alleges:

- "Bohonyi forced Pryor to perform sexual services numerous times between August 2014 and February 2015." (FAC [ECF No. 18] at ¶ 189.)

- "Several of these sexual acts occurred on the campus of the Ohio State University." (*Id.* at ¶ 191.)

- "Several of these sexual acts occurred in Bohonyi's car before and after diving practice." (*Id.* at ¶ 192.)

- "The Ohio State Diving Club practices on the campus of The Ohio State University in Columbus, Ohio." (*Id.* at ¶ 276.)

- "On July 7, 2014, Bohonyi forced Estee to perform oral sex on him on the Ohio State campus." (*Id.* at ¶ 288.)

- "When she returned from Utah/returned to Ohio State to train, she met Bohonyi several times in his car and was forced to perform oral sex on him. Some of these sexual encounters occurred on the campus of Ohio State." (*Id.* at ¶¶ 345-346.)

These acts form the basis of the negligent supervision and negligent retention claims

---

[2] Ms. Kline is a resident of the state of Kansas and Ms. Johnson is a resident of the state of Washington. (FAC [ECF No. 18] at ¶¶ 29-30).

13

against the Ohio State Diving Club, specifically, that Mr. Bohonyi's alleged sexual deviancy made him "dangerous" and "unfit" to be an employee of the Ohio State Diving Club. (*Id.* at ¶¶ 508-527.) The claims against the Ohio State Diving Club relate exclusively to Mr. Bohonyi's employment at Ohio State in Columbus, Ohio—not Indiana. (*Id.* at ¶¶ 508-527; 276, 282); *see also Johnson v. Gen. Elec. Co.*, No. 4:08-CV-0016-SEB-WGH, 2008 WL 2906667, at *1 (S.D. Ind. July 23, 2008) (finding the acts underlying the complaint occurred at the place of employment). Ms. Pryor does not allege *any* acts or sexual relations occurred in Indiana, nor does she allege she ever trained or competed in Indiana. Further, Ms. Johnson and Ms. Kline do not allege *any* acts involving the Ohio State Diving Club at all, let alone in Indiana.

Plaintiffs bear the burden of establishing proper venue, *Grantham v. Challenge-Cook Bros.*, 420 F.2d 1182, 1184 (7th Cir. 1969), yet the acts underlying the claims against the Ohio State Diving Club lack a sufficient nexus to the forum selected. In short, venue is improper in Indiana where the acts underlying the claims against the Ohio State Diving Club occurred in Ohio. "[W]hen venue is proper as to one defendant but not another, the Court has three options: 1) it may dismiss the action; 2) it may transfer the entire case to another district where venue is proper for all defendants, or 3) sever the claims in the case and retain jurisdiction over those defendants for whom venue is proper." *Starr Indem. & Liab. Co.*, 2017 WL 2466505, at *6. In this case, because plaintiffs' claims against the Ohio State Diving Club lack any nexus to Indiana, the claims should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should dismiss this case. Not only are Plaintiffs' claims barred by immunity under the Eleventh Amendment, but they also attempt to

14

litigate these claims in a state and venue in which the underlying events did not occur. The claims asserted against the Ohio State Diving Club in the First Amended Complaint fail for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue. They should be dismissed.

Dated: August 14, 2018

Respectfully submitted,

MICHAEL DeWINE

ATTORNEY GENERAL OF OHIO

/s/ Brian S. Jones
BRIAN S. JONES
**BOSE MCKINNEY & EVANS LLP**
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 (fax)
b.jones@boselaw.com

and

Michael H. Carpenter
(*Pro Hac Vice Admission to Be Requested*)
Timothy R. Bricker
(*Pro Hac Vice Admission to Be Requested*)
Caitlin E. Vetter
(*Pro Hac Vice Admission to Be Requested*)
**CARPENTER LIPPS AND LELAND LLP**
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
carpenter@carpenterlipps.com
bricker@carpenterlipps.com
vetter@carpenterlipps.com

**SPECIAL COUNSEL FOR DEFENDANT THE OHIO STATE UNIVERSITY DIVING CLUB**

15

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the Parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy was also sent by first-class U.S. Mail to:

William Bohonyi<br>
2194 Country Corners Dr.<br>
Columbus, Ohio 43220

                                              /s/ Brian S. Jones  
                                              BRIAN S. JONES