UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ESZTER PRYOR, LOGAN KLINE, MARISSA JOHNSON, and JANE DOES 4-50, on behalf of themselves and all Others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 1:18-cv-2113-WTL-MJD |
| v. | ) ) ) |
| USA DIVING, INC., and WILL BOHONYI, | ) ) ) |
| Defendants. | ) |

### DEFENDANT USA DIVING, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO STRIKE CERTAIN IMMATERIAL ALLEGATIONS FROM THE AMENDED COMPLAINT

Defendant USA Diving, Inc. ("USA Diving") respectfully submits its Brief in Support of its Motion to Strike Certain Immaterial Allegations from the Amended Complaint pursuant to Fed. R. Civ. P. 12(f). USA Diving seeks to strike unnecessary, immaterial, impertinent and scandalous material from the 527 paragraphs of the Amended Complaint to free it from most of the clutter.[1] The Amended Complaint does not adhere to the requirements under Rule 8 for claims to be based on a short and plain statement, with allegations that are simple, concise and direct. Instead, the Amended Complaint is filled with extraneous and impertinent statements that are not limited to the defendants and include superfluous remarks, commentary and editorials.

---

[1] Contemporaneous with this filing, USA Diving has filed its Motion to Dismiss the Amended Complaint as to all counts and all parties. Upon dismissal of the Amended Complaint, this Motion to Strike is moot, however, it remains viable in the event all claims against USA Diving are not dismissed.

## I. LEGAL STANDARDS

Rule 12(f) provides that a "court may strike from a pleading … any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). A court has significant discretion in ruling on a motion to strike, and the matters at issue may be addressed on the court's own motion or pursuant to a motion filed by a party. *Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009); Fed. R. Civ. P. 12(f).

Although USA Diving acknowledges that motions to strike are generally disfavored, given the breadth and the volume of immaterial and impertinent matter in the Amended Complaint, USA Diving contends that this is one of the recognized situations where such a motion will be successful in "remov[ing] unnecessary clutter from the case," and, thereby, "expediting the resolution of the matter rather than erecting another obstacle to its consideration on the merits." *Heckler & Koch, Inc. v. German Sport Guns GmbH*, 2014 WL 12756372, at *3 (S.D. Ind. May 15, 2014). "The purpose of the rule is to prevent unnecessary expenditures of time and money litigating spurious issues." *Bailey v. Worthington Cylinder Corp.*, 2017 WL 106461, at *3 (N.D. Ill. Jan. 11, 2017).

"Motions to strike can properly be used to 'remove unnecessary clutter' from the pleadings." *RehabCare Grp. E., Inc. v. Vill. Health Care Mgmt. LLC*, 2018 WL 3109086, at *1 (S.D. Ill. May 18, 2018)(citing *Heller Financial, Inc., v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989). "Allegations in pleadings may be stricken if they bear 'no possible relation to the controversy'". *Id*. (citing Talbot *v. Robert Matthews Distributing Co.,* 961 F.2d 654, 664-65 (7th Cir. 1992).

Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party. *Hardin v. Am. Elec. Power*, 188 F.R.D. 509, 511 (S.D. Ind. 1999).

Ordinarily, the proper response in the face of a motion to strike a pleading is to strike only the offending parts of it. *Id*., see Wright & Miller § 1281, at 522.  However, if the complaint violates Rule 8(a)(2) and 8(e)(1) "such that a great deal of judicial energy would have to be devoted to eliminating the unnecessary matter and restructuring the pleading," *id.,* [the Court] may strike the entire pleading while granting leave to replead. *Id*.  On this point, the Court in *Hardin* observed:

> If a complaint fails to meet the requirements of Rule 8, we have the power either to dismiss the complaint for failing to state a claim upon which relief may be granted, *see* Fed.R.Civ.P. 12(b)(6), or to strike those parts that are "redundant, immaterial, impertinent or scandalous," Fed.R.Civ.P. 12(f). *See, e.g., Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995), *see also* [*Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 776 (7th Cir. 1994)] (noting the district court's power to have dismissed the complaint with prejudice due to its "egregious violation of Rule 8(a)"). An unnecessarily long or confusing complaint makes it difficult for both the defendant and the court. *See Vicom,* 20 F.3d at 775–76. It becomes difficult for the defendant to file a responsive pleading, while it makes conducting an orderly litigation difficult for the court.

*Id*.

The Court for the Southern District of Indiana has found grounds to strike a complaint because it is excessively long, complex and confusing and far exceeding the short and plain statement of the claims showing that the pleader is entitled to the relief sought. *Id*. at 512 (S.D. Ind. 1999); see also, *BBL, Inc. v. City of Angola*, 2013 WL 2383659, at *6 (N.D. Ind. May 29, 2013)(striking "the excessive and inappropriate advocacy and evidentiary detail contained in the massive Amended Complaint, which is only supposed to give *notice* to Defendants of the

3

claims against them").

## II. BACKGROUND OF PLAINTIFFS' ALLEGED CLAIMS

Defendant Will Bohonyi ("Bohonyi") is alleged to have committed offensive sex acts against Plaintiffs. It is also alleged that Bohonyi and Plaintiffs were members associated with USA Diving, the not-for-profit appointed national governing body for the Olympic sport of diving. Plaintiffs seek to recover civil damages from USA Diving based on Bohonyi's sex acts and Bohonyi's related misdeeds. Plaintiffs' attempt to bring claims against USA Diving under federal criminal sex, labor and child trafficking statutes, and a state law claim for negligent supervision and retention, all of which are based on Bohonyi's conduct. Plaintiffs' purported claims against USA Diving are couched on the federal criminal statutes of 18 U.S.C. §§ 1589 (forced labor), 1590 (trafficking with respect to peonage, slavery, involuntary servitude or forced labor), and 1591 (sex trafficking of children or by force, fraud or coercion), and a civil remedy under such statutes is sought pursuant to 18 U.S.C. §§ 1595(a) and 2255. As explained in further detail in USA Diving's accompanying Motion to Dismiss and supporting Brief, to establish civil liability, Plaintiffs must allege that USA Diving was an active participant in a venture with Bohonyi. As shown below, the allegations subject to the request to strike have nothing to do with the causes of action set forth against Bohonyi or USA Diving. In particular, none of the allegations support the conclusion or reasonable inference that USA Diving <u>knowingly participated</u> in the misconduct performed by Bohonyi against the Plaintiffs and done in private settings.

### III. ARGUMENT

The allegations subject to USA Diving's request to strike are prejudicial on the grounds that Plaintiffs seek USA Diving to potentially make admissions as to material that has nothing whatsoever to do with proving or defending the claims brought in this action, such as, admitting or commenting on Congressional history, testimony or opinions, or the purpose of statutes, or about the workings of the USOC or whether insurance covers sex abuse or not. Also, USA Diving is prejudiced by having to sift through allegations that have been made overly complex, without a legitimate reason and prepare a response and defense to allegations that are merely commentary or conclusory statements devoid of relevant facts.

In large part, USA Diving moves to strike wholly immaterial allegations, consisting of argument, advocacy, and very specific evidentiary statements, and most of which, will cause USA Diving to invest substantial time and resources to appropriately respond when it should not have to undertake this time and cost in the first place if Rule 8 were followed.

### A. References to the USOC or its Dealings, or SafeSport Are Immaterial, Irrelevant, and Impertinent to Provide Fair Notice of Plaintiffs' Alleged Claims as to USA Diving and Because the USOC and SafeSport Are Not Parties to this Litigation

The Amended Complaint is replete with argument, advocacy remarks, and statements about USOC, its dealings, misdeeds and negligence. These remarks are unduly prejudicial to USA Diving, particularly due to the fact that the allegations are immaterial and impertinent, consist of scandalous material concerning the USOC and concern conduct by USOC that Plaintiffs attempt and desire to attribute to USA Diving. Regardless, the statements about USOC have no potential relation to the alleged controversy between USA Diving and Plaintiffs on the principal ground that allegations concerning USOC's finances, governance of national governing bodies (or alleged lack thereof), and its actions as to sex abuse, does nothing to (i) put USA

5

Diving on notice of the factual basis of claims against *it*, or (ii) to build allegations to show that USA Diving knowingly participated in the conduct undertaken by Bohonyi against Plaintiffs. Similarly, Plaintiffs make numerous references to the independent entity, U.S. Center for SafeSport ("SafeSport"), however, it is not a party to this action, remedial measures such as investigations by SafeSport are inadmissible, and nothing related to SafeSport has a bearing on Plaintiffs' allegations or claims against USA Diving.

Accordingly, USA Diving requests paragraphs 4, 5, 6, 12, 25, 43 to 53, 57, 59, 60, 62 to 70, 75 to 77, 79, 81, 83 to 116, 120 to 122, 125 to 127, 193, 357, 361 to 368 referencing conduct or allegations about USOC or SafeSport to be stricken.[2]

### B. References to Congressional Acts or Testimony, Pre-Enactment and Enactment of Laws, or Interpretations by Plaintiffs Thereto, Are Immaterial, Irrelevant and Impertinent and Are Not Intended to Nor Do They Put USA Diving on Fair Notice of Any Sort of Claim

Plaintiffs reference the Sexual Abuse and Safe Sport Authorization Act of 2017 ("Act") which post-dates any conduct alleged in the Amended Complaint by several years. Plaintiffs' counsel then wind in statements, accusations and editorial comments trying to show a connection between this matter and USA Gymnastics and Larry Nassar, the purpose the Act was passed, and include otherwise inadmissible testimony from the congressional floor about the Act. Plaintiffs go to great lengths to quote Senator Feinstein and her quote about "medals and money". Again, Plaintiffs falsely attempt to attribute the personal remarks by politicians to USA Diving in this case, but none of this information tends to put USA Diving on notice of Plaintiffs' claims or of factual support that USA Diving knowingly participated in a venture with Bohonyi with the purpose of causing his private, and as alleged, criminal, behavior. Similar types of references,

---

[2] For ease of convenience, a table quoting the paragraphs at issue, and the correlating argument heading accompanies this Brief and is designated as Exhibit A.

such as in paragraph 12, where it is alleged that since 1982, more than 290 coaches have been publicly accused of sexual misconduct, have no business being in a complaint about one coach, Bohonyi, and whether USA Diving knowingly participated in that conduct. This statement is once again based upon a hearsay news article and deals with information unrelated to USA Diving or the allegations in this action.

USA Diving requests the following paragraphs to be stricken from the Amended Complaint for the foregoing reasons:  6 to 12, 26, and 194 to 202.

### C.   References to Financial or Insurance Information is Immaterial, Irrelevant, and Impertinent

Plaintiffs make references to financial and insurance information that has no place in the Amended Complaint to put USA Diving on notice of the claims alleged against it.  Plaintiffs make such references to financial, commercial interests or insurance in paragraphs 5, 36, 50, 65, 66, 79, 86 to 92, 95, 117 to 119, 125 to 127, 141 to 147, 161, 162, 306 to 310, and 322 of the Amended Complaint.  For example, in paragraph 5, it is alleged "[w]ith hundreds of millions of dollars on its balance sheet (all of it earned off the backs and labor of Team USA's athletes), the USOC and its NGBs (including USA Diving) could have long ago stopped and helped prevent much of this sexual misconduct, which has been rampant in USA Diving and other sports for decades."  To begin with, nothing in this allegation supports a fact to put USA Diving on notice of Plaintiffs' claims.  The amount on balance sheets, or how Plaintiffs' counsel advocate the money should be spent, or the sarcastic remarks have no bearing whatsoever on this case or USA Diving's alleged liability.

Also, references to insurance in a pleading is not just immaterial, it is wholly inappropriate as Rule 411 bars such references as altogether inadmissible.  Rule 411 provides that "[e]vidence that a person was or was not insured against liability is not admissible to prove

7

whether the person acted negligently or otherwise wrongfully." As this action is brought, in part, under negligence theories, there is no other reason to have it in the record or allegations, except for prejudicial reasons which Rule 411 addresses. Thus, all paragraphs, including 5, making reference to insurance should be stricken.

USA Diving requests 5, 36, 50, 65, 66, 79, 86 to 92, 95, 117 to 119, 125 to 127, 141 to 147, 161, 162, 306 to 310, and 322 to be stricken from the Amended Complaint.

### D. Scandalous Remarks and Advocacy Should be Stricken

Paragraph 27 is a good example of the type of scandalous and unnecessary remarks, with no connection whatsoever to the claims asserted by Plaintiffs against USA Diving, in the Amended Complaint that should be stricken. Paragraph 27 states, "[t]hrough this lawsuit, Plaintiffs shine a light on the USOC, USA Diving, the Ohio State University Diving Club, and William Bohonyi. Plaintiffs, on behalf of themselves and the Class, declare that enough is enough, that no other female athletes should have to endure the "disgusting and unnecessary" exploitation, abuse and forced labor they have experienced at the hands of the *USA Diving rapists* who stood at the apex – and served as the gatekeepers – of competitive diving." (emphasis added). Bohonyi's conduct is reprehensible without a doubt, however, to assign his criminal behavior, as alleged, to USA Diving and accuse USA Diving of "rape" is way out of line, off-base, and has no place in the pleadings. This statement implies that executives or management of USA Diving are rapists themselves and covered up for Bohonyi, another example of wildly baseless besmirching remarks. Moreover, what fact or claim does this statement give fair notice about to USA Diving? Certainly, USA Diving should not be forced to needlessly waste time or resources to respond to such careless remarks.

Other similar examples of these types of remarks or comments that should be stricken are found in paragraphs 12, 20, 23, 24, 25, 27, 310 and 360.

### E. References and Footnotes to Inadmissible Commentary Should Be Stricken

Over 40 footnotes are used in the Amended Complaint, many of which cite to website links or sources and commentary. Footnote 1 provides a good example of inappropriate use of opinion and commentary from other sources with scandalous and prejudicial titles used in the articles referenced. Footnote 1 refers to Will Hobson, *Victims Say the USOC Deserves Blame for America's Olympic Sex Abuse Problem*. Another example is an article referenced in footnote 6 by Mr. Hobson, entitled *Every Six Weeks for More than 36 Years: When Will Sex Abuse in Olympic Sports End?*

First, the content is immaterial, impertinent and the titles are scandalous. Second, the articles, allegations and commentary do not satisfy Rule 8 and provide a short and simple allegation to put USA Diving on notice of Plaintiffs' claims. Third, USA Diving should not be forced to spend time or resources responding to hearsay news articles or commentary. Fourth, these articles do nothing to support that USA Diving knowingly participated in the acts by Bohonyi or to put them on fair notice of Plaintiffs' claims. Consequently, footnotes 1, 2, 3, 4, 5, 6, 7, 8 (quoting a tweet), 19, 24, 25, 26, 37, 38, 39, 41, 43, and 44, and the attendant material found in the paragraphs cited to those resources is due to be stricken from the Amended Complaint.

### F. Matter that is Unrelated to Plaintiffs or Occurring After-the-Fact Should be Stricken as Impertinent

The Amended Complaint makes references to alleged acts occurring well after the last encounter between Bohonyi and the Plaintiffs and concerning potentially other people who *may*

9

have at some point interacted with Bohonyi after-the-fact. Paragraphs 151 to 153, 306 to 310, 314, 315, 318 to 319, 322, 323, 325, 326, 360 and 367 all contain this type of information which does not aid in notifying USA Diving of the claims lodged against it, nor consist of allegations showing support for such claims. As a result, USA Diving requests the Court to strike these paragraphs.

### G. Grounds Exist for the Court to Direct Plaintiffs to Replead Their Complaint Consistent with Rule 8

Even though USA Diving has outlined and moves to strike only certain paragraphs of the Amended Complaint, the Court is not without grounds to require Plaintiffs to tighten up their complaint by eliminating all of the extraneous and unnecessary matter and adhering to the short and simple notice pleadings required by Rule 8.

In *Hardin v. Am. Elec. Power*, 188 F.R.D. 509, 511 (S.D. Ind. 1999), the Court observed that it possesses the authority to strike the entire complaint and allow a plaintiff to replead, if it "violates Rule 8(a)(2) and 8(e)(1) 'such that a great deal of judicial energy would have to be devoted to eliminating the unnecessary matter and restructuring the pleading'" *Id*. USA Diving contends that Plaintiffs' bloated complaint of 527 paragraphs covering 71 pages fits squarely within the category of a pleading that will require the Court, and defendants, to parse through the pleadings and eliminate the unnecessary material from the pleading. In the alternative to the Court undertaking the time and devoting the resources to cleaning up the Amended Complaint to eliminate most of the clutter (there still remains much even after striking the paragraphs mentioned by USA Diving), USA Diving requests the Court to enter an order striking the Amended Complaint and directing that Plaintiffs adhere to Rule 8 and replead their complaint with short and plain statements that are simple, concise and direct.

The superfluous nature of the paragraphs USA Diving seeks to strike is demonstrated by the fact that after removing them it takes nothing away from the substance of Plaintiffs' statement as to the grounds of its alleged claims, and still puts USA Diving on notice of those asserted claims.

### IV.     **CONCLUSION**

For all the foregoing reasons, USA Diving respectfully requests the Court to strike paragraphs 4 to 8, 10 to 12, 20, 23 to 27, 36, 43 to 53, 57, 59, 60, 62 to 70, 75 to 77, 79, 81, 83 to 122, 125 to 127, 141 to 147, 151 to 153, 155 (footnote 41), 161 to 162, 193 to 202, 306 to 310, 314 to 315, 318 to 319, 322 to 323, 325 to 326, 357, 360 to 368, and footnotes 1, 2, 3, 4, 5, 6, 7, 8, 19, 24, 25, 26, 37, 38, 39, 41, 43, and 44 , or alternatively, to strike the Amended Complaint and direct Plaintiffs to replead in strict compliance with Rule 8.

Respectfully submitted,

*/s/ Kristopher N. Kazmierczak*
Bernard L. Pylitt, Atty. No. 5851-49
Kristopher N. Kazmierczak, No. 19430-49
KATZ KORIN CUNNINGHAM PC
334 North Senate Avenue
Indianapolis, Indiana 46204
Telephone: 317-464-1100 Facsimile: 317-464-1111
Email: bpylitt@kkclegal.com
            kkaz@kkclegal.com

*Attorneys for USA Diving, Inc., Defendant*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 1st day of October, 2018, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's ECF.  Parties may access this filing through the Court's system:

| | |
|---|---|
| Jessica A. Wegg<br>Jonathan Charles Little<br>SAEED & LITTLE LLP<br>jessica@sllawfirm.com<br>jon@sllawfirm.com<br><br>Bernard L. Pylitt<br>Kristopher N. Kazmierczak<br>KATZ KORIN CUNNINGHAM PC<br>bpylitt@kkclegal.com<br>kkaz@kkclegal.com | Rex A. Sharp<br>Larkin E. Walsh, *Pro Hac Vice*<br>Ryan C. Hudson, *Pro Hac Vice*<br>Scott B. Goodger, *Pro Hac Vice*<br>REX A. SHARP, P.A.<br>rsharp@midwest-law.com<br>lwalsh@midwest-law.com<br>rhudson@midwest-law.com<br>sgoodger@midwest-law.com |

                */s/ Kristopher N. Kazmierczak*
                Kristopher N. Kazmierczak

KATZ KORIN CUNNINGHAM PC
334 North Senate Avenue
Indianapolis, Indiana 46204
Telephone: 317-464-1100
Facsimile: 317-464-1111
Email: bpylitt@kkclegal.com
    kkaz@kkclegal.com